**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH E. MILLER, Plaintiff, v. DEVON BROWN, et al., Defendants. | Civil No. 07-2020 (JLL) **OPINION** |

**APPEARANCES:**

JOSEPH E. MILLER, #218731/SBI 434 Plaintiff Pro Se
South Woods State Prison
Bridgeton, New Jersey 08302

**LINARES**, District Judge

JOSEPH E. MILLER, an inmate who is presently confined at South Woods State Prison, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. This Court will grant Plaintiff's application to proceed in forma pauperis. See 28 U.S.C. § 1915. Having thoroughly reviewed the Plaintiff's allegations, pursuant to the requirements of 28 U.S.C. § 1915(e)(e)(B), the Court will dismiss the Complaint without prejudice to the filing of an amended complaint.

Plaintiff's Complaint presents a crossbreed between a diary and a stream of consciousness. See generally, Compl. Specifically, the Complaint consists of sixty-one pages and includes, inter alia, the following: (1) six page-long list of defendants; (2) thirty-nine pages of Plaintiff's "statement of claims," which are subdivided into thirty seven claims (some ranging for periods over four years) and, also, into thirty six causes and sub-causes of action not corresponding to the claims, incorporating seventy four citations to state provisions and caselaw, see id. at 17-56, all provided in spite of the clear direction to "[s]tate . . . *as briefly as possible* the facts of [Plaintiff's] case[, in order to] describe how each defendant violated [Plaintiff's] rights, giving dates and places [*without*] giv[ing] any legal arguments or cit[ing] any cases or *statutes*," see id. ¶ 6 (underlined emphasis in original, italicized emphasis supplied); and (3) fourteen forms of relief sought. See id. at 57-60. Such Complaint violates the requirements of Rule 8.

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte

dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

While a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the complaint will be dismissed if it is frivolous, that is, "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 507 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

In addition, a complaint will be dismissed if it fails to conform to the requirements set forth in Rules 8(a) and (e) of the Federal Rules of Civil Procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel). The Rules require that the complaint be simple, concise, direct and set forth "a short and plain statement of the

claim showing that the pleader is entitled to relief." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Therefore, a complaint grossly departing from a short and plain statement of the claim will be dismissed. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants, setting forth numerous causes of action, and numbering fifteen pages and eighty-eight paragraphs); Burks v. City of Philadelphia, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (pleading which represented a "gross departure from the letter and the spirit of Rule 8(a)(2)" in failing to contain a short and plain statement of claims struck by District Court).

In the case at bar, Plaintiff's sixty-one page-long Complaint of thirty seven claims and thirty six causes and sub-causes of action, laden with seventy four citations, is in clear violation of Rule 8 requirements. Moreover, the "diary/stream of consciousness" style of the Complaint (1) prevents the Court from screening the Complaint for the purpose of establishing whether Plaintiff's claims are subject to sua sponte dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and (2) fails to provide Defendants with a notice as to the substance of Plaintiff's claim(s).

The Court, therefore, will dismiss Plaintiff's Complaint for failure to adhere to Rule 8 pleading requirements. However, the shortcomings of the Complaint do not foreclose the possibility that

Plaintiff may be able to state a cognizable Fourth Amendment claim by filing an amended complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002) (unless amendment would be futile, district court may not dismiss complaint without permitting amendment). The dismissal of the Complaint will therefore be without prejudice to the filing of an amended complaint **adhering to Rule 8 pleading requirements**. If Plaintiff files an amended complaint within 45 days of the date of the entry of the Order accompanying this Opinion, then this Court will enter an order directing the Clerk to reopen the file.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice to the filing of an amended complaint.

/s/ Jose L. Linares

DATE: May 14, 2007 **JOSE L. LINARES, U.S.D.J.**